IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MINNIE PEARL THOMAS,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:99-CR-45 (CAR) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | Proceedings under 28 U.S.C. § 2255 |
| _____ | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is Petitioner Minnie Pearl Thomas' Motion for Sentence Reduction via Rule 60(b). Doc. 402. Petitioner's Rule 60(b) motion is in fact a Section 2255 motion alleging ineffective assistance of counsel and prosecutorial misconduct. Upon review of the record, it appears that Petitioner has previously filed an unsuccessful Section 2255 motion. Doc. 377. As such, the instant motion would be a second or successive Section 2255 motion. In accordance with 28 U.S.C. § 2255(h), this Court's consideration of the instant motion is precluded absent prior authorization by the Eleventh Circuit. As there is nothing in the record to indicate that any such authorization has been given, it is **RECOMMENDED** that the motion be **DENIED**.

## PROCEDURAL HISTORY

Petitioner Minnie Pearl Thomas was convicted by a jury on February 9, 2000 of one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Doc. 249. On July 20, 2000, Petitioner was sentenced to life imprisonment followed by ten years of supervised release. Doc. 309. Petitioner then filed a direct appeal, which was denied by the Eleventh Circuit on July 24, 2001. Doc. 357.

On January 17, 2006, Petitioner filed her first Section 2255 Motion. Doc. 377. On April 12, 2007, Petitioner's Section 2255 motion was dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. Doc. 382. Doc. 385. On March 29, 2012, Petitioner filed the instant Rule 60(b) motion. Doc. 402.

DISCUSSION

Petitioner's Rule 60(b) motion is an admitted attempt to circumvent the statutory barriers that prevent Petitioner from filing a successive and time-barred Section 2255 motion. Petitioner's motion alleges various claims of ineffective assistance of counsel and prosecutorial misconduct. Petitioner also contends that her statutorily mandated sentence violates equal protection. Although Petitioner presents her claims as grounds for relief under Rule 60(b), Petitioner's motion is an attempt to file a successive Section 2255 motion.

Rule 60(b) is a rule of civil procedure that allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." Gonzales v. Crosby, 545 U.S. 524, 532 (2008). Rule 60(b) cannot be used to evade the second or successive petition bar contained in 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b). Gilbert v. United States. 640 F.3d 1293, 1323 (11th Cir. 2011) (citing Gonzalez, 545 U.S. at 532). In this case, Petitioner is not using Rule 60(b) to attack some defect in the integrity of her federal habeas proceedings. Rather, Petitioner is once again attempting to attack her conviction and sentence with claims of ineffective assistance of trial counsel, prosecutorial misconduct, and unconstitutional sentencing. These arguments are typical of legal arguments of that would be raised in a Section 2255 motion, not a Rule 60(b) motion. Moreover, Petitioner admits that she is attempting to circumvent the statutory barriers that preclude her from filing a successive Section 2255 motion, and Petitioner refers to her claims as habeas corpus claims. Accordingly, Petitioner is not entitled to have her

2

successive Section 2255 motion considered by the Court absent prior approval by the Eleventh Circuit. See 28 U.S.C. § 2255(h); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

## CONCLUSION

Because Petitioner's Rule 60(b) motion is in fact a successive Section 2255 motion and because Petitioner has not obtained prior approval from the Eleventh Circuit to file a successive Section 2255 motion, **IT IS RECOMMENDED** that the motion be **DISMISSED**.

After applying the provisions of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 5th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge